# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

        Petitioner,

    v.                                        Case No. 05-C-1276

BARB KODE-BROWN,

        Respondent.

## ORDER

On December 8, 2005, Jonathon M. Mark filed this petition pursuant to 28 U.S.C. § 2254, asserting that he is being held for parole revocation in violation of the Constitution. The court received the $5 filing fee on January 27, 2006. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner was arrested for violating the conditions of his parole on September 27, 2005. Amongst other things, petitioner was accused of operating a motor vehicle without a license while intoxicated. Petitioner claims that his parole was revoked without a preliminary hearing to

determine probable cause. Revocation of parole without due process of law can give rise to a claim under § 2254. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Morrissey v. Brewer*, 408 U.S. 471, 485 (1972) (holding that due process clause requires proceeding "in the nature of a 'preliminary hearing' to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions"). Because the petition raises what are at least colorable constitutional issues, the court will not dismiss it on the merits.

Regarding exhaustion, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254©). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted). A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Correctional Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990).

2

Here, no reason appears why petitioner could not have sought state habeas relief under Wis. Stat. § 782.03. Because it appears that petitioner has not given Wisconsin state courts the initial opportunity to pass on and correct alleged violations of petitioner's federal rights, the court will issue an order to show cause why this petition should not be dismissed on exhaustion grounds.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order petitioner shall show cause why the petition should not be dismissed for failure to exhaust state remedies as required by 28 U.S.C. § 2254(b)(1). Failure to show cause will result in the dismissal of the petition, without prejudice.

Dated this __2nd__ day of February, 2006.


s/ William C. Griesbach
William C. Griesbach
United States District Judge

3