UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

    Petitioner,

v.                                       Case No. 05-C-1276

BARB KODE-BROWN, *et al.*,

    Respondents.

**ORDER OF DISMISSAL**

On December 8, 2005, Jonathon M. Mark filed a petition for a writ of habeas corpus, asserting that his confinement in the Fond du Lac County Jail violated the Constitution and laws of the United States. The petition alleged four grounds for relief. In the first two, petitioner claimed that his due process rights were violated because he did not receive a preliminary hearing before his parole was revoked. In the latter two, petitioner alleged that respondents failed to comply with the restrictions on detaining parolees stated in Wis. Stat. § 302.335,[1] with the result that he was held longer than permissible without a final revocation hearing. In its Order of February 2, 2006, the court held that the petition stated colorable rounds for relief with regards to petitioners' claim that his parole was revoked without a preliminary hearing, but noted that the petition did not make clear that petitioner had exhausted his state remedies prior to filing. The court therefore ordered petitioner to show cause why the petition should not be dismissed

---

[1] Petitioner does not cite Wis. Stat. § 302.335 in his petition, but the substance of his claims makes clear that he is alleging a violation of that statute.

for failure to exhaust.

In response to the order to show cause, petitioner concedes that he has not exhausted his state remedies with respect to the first, second, and fourth alleged grounds for relief. He claims to have exhausted his state remedies with respect to the third alleged ground for relief. However, he does not indicate that he has brought an action in the Wisconsin state courts concerning respondents' alleged violation of Wis. Stat. § 302.335. Moreover, despite petitioner's invocation of the Eighth and Fourteenth Amendments in his third ground for relief, that ground essentially alleges a violation of state law. Because "federal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), the court will not apply a tortured reading of petitioner's third alleged ground for relief to permit him to bring here a claim he should have brought in state court. Because petitioner did not exhaust his state remedies prior to filing his petition, the petition is **DISMISSED**, without prejudice.

**SO ORDERED.**

Dated this __8th__ day of March, 2006.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge